UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES A. BOLEY, JR., ADMINISTRATOR
OF THE ESTATE OF ROBERT LEE BOLEY,
DECEASED,

        Plaintiff,

v.                                          Civil Action No.: 2:21-cv-00197-RCY-RJK

ARMOR CORRECTIONAL HEALTH
SERVICES, INC., *et al.*

        Defendants.

## ORDER APPROVING WRONGFUL-DEATH SETTLEMENT

THIS day came Petitioner/ Plaintiff James A. Boley, Jr., Administrator of the Estate of Robert Lee Boley, Deceased, in person and by counsel (hereinafter referred to as "Petitioner"), and Respondent/Defendant Emmanuel Bynum, by counsel, and, pursuant to Virginia Code § 8.01-55 and upon Petitioner's motion for approval of wrongful-death settlement and notice to the Statutory Beneficiaries, Petitioner moved for approval of the wrongful-death settlement.

It appearing to the Court that the matters agreed upon by the parties as set forth herein be and the same hereby are ratified, approved, and confirmed.

Specifically, it appearing to the Court that:

1.    All parties required by law to be convened are convened or are deemed convened by their signatures to this Order or by written notice of hearing.

2.    On April 17, 2019 Robert Lee Boley was discovered dead at the Deerfield Men's Work Center, a correctional facility in Capron, Southampton County, Virginia. The Office of the Chief Medical Examiner ("OCME") determined on autopsy that Robert Boley died of a "ruptured aortic aneurysm due to hypertensive and atherosclerotic cardiovascular disease." Certain witnesses

reported that throughout the day on April 16, 2019, Robert Boley was complaining that his chest was hurting and seeking medical attention.

3. On October 8, 2019, James Boley duly qualified as Administrator of the Estate of Robert Lee Boley, Deceased, in the Southampton Circuit Court, under the applicable provisions of law.

4. On April 14, 2021, the Petitioner, as Plaintiff, filed a civil-rights lawsuit which also included state wrongful-death claims in this Court.

5. On May 4, 2022, the Court approved a settlement between the Plaintiff and "NurseSpring Defendants" in the amount of $250,000. ECF 74.

6. During the week of December 5, 2023, a five-day trial was held resulting in a $4 million verdict on certain state-law claims against Defendant Bynum and Defendants Armor Correctional Health Services, Inc. and Arleathia Peck, LPN. The jury specified that the verdict amount was to be evenly divided by the two statutory beneficiaries, the Decedents' brothers, James A. Boley, Jr. and Michael Boley. *See* Verdict Form, ECF 158.

7. Judgement was entered on April 5, 2023. ECF 209. Damages awarded by the jury were subject to the provisions outlined in the Court's memorandum order filed at ECF. No 171 on January 3, 2023. *Id.* Relevant to this Petition, the Court reduced the damages amount by the amount of the settlement with the NurseSpring Defendants, i.e., by $250,000.

8. On May 4, 2023, Defendant Bynum provided notice of his appeal to the Fourth Circuit Court of Appeals from the jury verdict and other rulings by the Court.

9. On June 30, 2023, Boley and Bynum notified the Fourth Circuit Court of Appeals via their "Joint Motion for Limited Remand to Obtain District Court Approval of a Settlement"

that they had reached a settlement of their matter contingent upon court approval and sought to have the matter remanded to this Court for that purpose.

10. On July 5, 2023, the Court of Appeals remanded of the Bynum appeal (Case No. 23-1492) back to this Court to address the parties' settlement. *See* ECF 218.

11. Through Plaintiff's July 7, 2023 filing of his Petition for Approval of Wrongful-Death Settlement, Plaintiff/Petitioner Boley and Defendant/Respondent Bynum have informed the Court that they have reached a settlement contingent upon Court approval.

12. Specifically, without admitting any liability on the part of himself, Respondent Bynum has agreed to pay, and Petitioner has agreed to accept, contingent upon Court approval, One Million Eight Hundred Seventy-Five Thousand Dollars ($1,875,000.00) in full settlement and discharge of all of Petitioner's claims against Bynum for the injuries and death of Robert Lee Boley.

13. The Court finds that Petitioner had the authority to file this petition on behalf of the Estate of Robert Lee Boley, Deceased; to negotiate and agree to a settlement; to sign the Settlement Agreement and Release ("Agreement") on behalf of the Estate of Robert Lee Boley, Deceased, consenting to the resolution of the claims as provided for in the Agreement; and to notice this petition for hearing for approval of the compromise settlement.

14. The Court finds the settlement to be fair and reasonable under all the circumstances.

15. The decedent, Robert Lee Boley, is survived by the following:

**James A. Boley, Jr.**
Relationship to the decedent:      Brother
Current address:                    128 East Chester Street
                                    Norfolk, VA 23503

**Michael Boley**
Relationship to the decedent:      Brother
Current address:                    128 East Chester Street

Norfolk, VA 23503

16. That, as per Virginia Code § 8.01-53 (1950, as amended), which designates applicable classes of beneficiaries, the foregoing persons (James A. Boley, Jr. and Michael Boley) are decedent Robert Lee Boley's sole statutory beneficiaries (the "Statutory Beneficiaries").

17. All funeral and cremation expenses have been paid by James A. Boley, Jr., who has already been reimbursed from the proceeds of an earlier settlement.

18. The parties represent that there are no liens in this matter.

19. It appearing to the Court that the law firm of The Krudys Law Firm, PLC has provided valuable legal assistance to the Petitioner in the prosecution of this matter, it is hereby ORDERED that The Krudys Law Firm, PLC be awarded $625,000.00, which is the contracted fee of one-third of any gross recovery. The Court finds that this fee is a reasonable amount for contingency fee work. The foregoing sum will be paid out of the settlement proceeds in this matter; and

20. It further appearing to the Court that certain costs and reimbursable expenses have been incurred and advanced by the law firm of The Krudys Law Firm, PLC in the amount of $68,623.74 (beyond the $45,225.08, which was already paid in connection with the proceeds of an earlier settlement), it is hereby ORDERED that the law firm of The Krudys Law Firm, PLC be reimbursed for costs advanced in the amount of $68,623.74, which sum is to be paid out of the settlement proceeds in this matter; and

21. Wherefore, it appearing to the Court that the Statutory Beneficiaries for the death of the Statutory Beneficiaries' brother, Robert Lee Boley, in compensation of their loss, have agreed to the allocation, distribution, and payment of the proceeds in the following manner

and/or provided by the jury at trial, it is hereby ORDERED, ADJUDGED, AND DECREED that the proceeds of this settlement, after distribution of the attorneys' fees and costs and funeral/cremation expenses as described and ordered herein, will be divided and administered as follows: the Respondent Bynum (or his agents) will pay $1,875,000.00 of the settlement monies in the form of a check made payable to The Krudys Law Firm, PLC Client Trust Account, f/b/o Boley. After distributing fees and costs in a manner consistent with this Order, counsel for the Plaintiff/Petitioner at The Krudys Law Firm will provide via check(s) or wire transfer(s) the remaining monies owed to the Statutory Beneficiaries James A. Boley, Jr. and Michael Boley in equal amounts – $590,688.13 each ($1,181,376.26 collectively).

22. All sums paid/ to be paid in connection with this wrongful-death settlement constitute damages on account of personal physical injuries and physical sickness, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended. The entire payment is compensatory in nature to compensate each beneficiary for the loss of their brother; there being no finding warranting punitive damages, and none of these funds are in any way deemed to relate to any punitive claims that were brought or could have been brought against any defendant.

23. ORDERED, that the attached Settlement Agreement executed by the Petitioner and counsel for the Petitioner, as well as the Disbursements Sheet, are incorporated herein and made a part of this Order.

24. ORDERED that, upon completion and satisfaction of the terms of this Order, including the transfer of all payments, Respondent/Defendant Bynum, the Commonwealth of Virginia, their insurers, or reinsurers, their past, present and future owners, officers, directors, stockholders, attorneys, agents, servants, representatives, employees, independent contractors,

subsidiaries, parent corporations, affiliated corporations, partners, predecessors and successors in interest, heirs, executors, administrators and assigns of them and any of them will be released and fully discharged from all liability for any and all claims, which may or can be asserted against any or all of them, for the death of Robert Lee Boley, and this matter will be dismissed with prejudice as to Respondent Bynum.

This settlement will <u>not</u> affect the remaining Defendants, Armor Correctional Health Services, Inc. and Arleathia Peck, LPN, who have appealed the judgment entered against them in this matter.

Let the clerk file this Order electronically and notify all counsel of record accordingly.

It is so ORDERED.

/s/
_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: July 11, 2023

WE ASK FOR THIS:

_____
Petitioner/ Plaintiff James A. Boley, Jr., Administrator of the Estate of Robert Lee Boley, Deceased and Statutory Beneficiary

6

_____
Michael Boley, Statutory Beneficiary


_____
Mark J. Krudys (VSB# 30718)
Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com ; dzemel@krudys.com
*Counsel for Petitioners / Plaintiffs*


_____
Richard C. Vorhis (VSB #23170)
Senior Assistant Attorney General
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
RVorhis@oag.state.va.us
*Counsel for Defendant Officer Guy*

This settlement will <u>not</u> affect the remaining Defendants, Armor Correctional Health Services, Inc. and Arleathia Peck, LPN, who have appealed the judgment entered against them in this matter.

Let the clerk file this Order electronically and notify all counsel of record accordingly.

It is so ORDERED.

/s/
_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: July 11, 2023

WE ASK FOR THIS:

_____
Petitioner/ Plaintiff James A. Boley, Jr., Administrator of the Estate of Robert Lee Boley, Deceased and Statutory Beneficiary

_____
Michael Boley, Statutory Beneficiary

6